AO 106 (Rev. 04/10) Application for a Search Warrant *(Page 1)*

UNITED STATES DISTRICT COURT
for the
Northern District of New York

<table>
<tr><td>

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

1) A SAMSUNG CELLPHONE MODEL NUMBER SM-N920V, and
2) A SAMSUNG CELLPHONE MODEL NUMBER SM-N950U WHICH ARE CURRENTLY LOCATED AT 237 WEST SERVICE ROAD, CHAMPLAIN, NEW YORK 12919.

</td><td>

)
)
)
)
)
)
)
)
)
)

</td><td>

Case No. 1:25-sw-00221

</td></tr>
</table>

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
SEP 0 9 2025
AT _____ O'CLOCK _____
John M. Domurad, Clerk - Albany

**APPLICATION FOR A SEARCH WARRANT**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property: *(identify the person or describe the property to be searched and its given location)*:

See Attachment A.

located in the ___Northern___ District of ___New York___ , there is now concealed
*(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒     evidence of a crime;
☒     contraband, fruits of crime, or other items illegally possessed;
☒     property designed for use, intended for use, or used in committing a crime;
☐     a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251 | Sexual Exploitation of a Child |
| 18 U.S.C. § 2252A(a)(1) | Transportation of Child Pornography |
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of Child Pornography |

The application is based on these facts:

See attached affidavit.

☒     Continued on the attached sheet.
☐     Delayed notice of _____ days (give exact ending date if more than 30 days):
is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

AO 106 (Rev. 04/10) Application for a Search Warrant *(Page 2)*

/s/ Peter Pease

*Applicant's signature*

Peter Pease, HSI Special Agent

*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:  Sept 9, 2025

*Judge's signature*

City and State:  Albany, NY         Hon. Daniel J. Stewart, U.S. Magistrate Judge

*Printed name and title*



U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
SEP 0 9 2025
AT____ O'CLOCK____
John M. Domurad, Clerk - Albany

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE SEARCH OF:
  1)  A SAMSUNG CELLPHONE MODEL
      NUMBER SM-N920V, and
  2)  A SAMSUNG CELLPHONE MODEL
      NUMBER SM-N950U WHICH ARE
CURRENTLY LOCATED AT 237 WEST
SERVICE ROAD, CHAMPLAIN, NEW
YORK 12919.

Case No. 1:25-sw-00221

## AFFIDAVIT IN SUPPORT OF A SEARCH

## WARRANT

I, Peter Pease, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.     I make this Affidavit in support of an application under Rule 41 of the Federal Rules

of Criminal Procedure for a search warrant authorizing the examination of a Samsung mobile

device Galaxy Note 5, Model Number SM-N920V, and Samsung mobile device Galaxy Note 8,

Model Number SM-N95OU, which are currently in law enforcement possession, and the

extraction from this property of electronically stored information described in Attachment B. I

seek to seize evidence, fruits, and/or instrumentalities relating to violations of Title 18, United

States Code, Section 2251(a) (sexual exploitation of children) and Title 18, United States Code,

Sections 2252A(a)(1) (transportation of child pornography) and (a)(5)(B) (possessing child

pornography) (collectively, the "Subject Offenses"), as more fully described in Attachment B.

2.     I am a Special Agent with the United States Department of Homeland Security

(DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). I

have been a Special Agent since February 2023. I am a graduate of the Criminal Investigator

Training Program and the HSI Special Agent Training located at the Federal Law Enforcement

1

Training Center (FLETC) in Glynco, Georgia. Prior to my appointment in the HSI Massena Office, I served in the United States Navy as a Hospital Corpsman from 2012 to 2017. I served in the United States Secret Service as a Special Agent from 2021 to 2022. I have a bachelor's degree in criminal justice and a master's degree in criminal justice legal studies.

3.      I am currently assigned to the HSI Border Enforcement Security Taskforce (BEST) in Massena, New York. BEST is tasked with the enhancement of border security by fostering coordinated efforts among Federal, State, and local border and law enforcement officials to protect United States' border cities and communities from trans-national crime, including but not limited to drug trafficking, arms smuggling, bulk cash smuggling, illegal alien trafficking and smuggling, violence, and kidnapping along and across the international borders of the United States.

4.      I am classified, trained, and employed as a federal law enforcement officer with statutory arrest authority. I am a "Federal law enforcement officer", within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I am charged with conducting criminal investigations of alleged violations of federal criminal statutes, including but not limited to Title 18, Title 21, and Title 31 of the United States Code.

5.      I work with other law enforcement officers and agents of HSI Massena who have extensive experience in child pornography investigations, including those who have received specialized training in the area of child pornography and child exploitation. These agents and law enforcement officers have had the opportunity to observe and review numerous examples of child pornography, as defined in Title 18, United States Code, Section 2256. I continue to have conversations with them concerning this and other child sexual abuse investigations. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants

2

issued. As a Special Agent with HSI, my duties include the investigation of alleged violations of federal criminal laws, including the Subject Offenses.

6.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

7.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that Roy JOHNSON has committed the Subject Offenses and that evidence, fruits, and instrumentalities of the Subject Offenses will be found upon a search of The Device, as set forth in Attachments A and B.

## BACKGROUND

8.      This case originated as a NYSP case that was later adopted by HSI in September 2023. The NYSP conducted the initial forensic examination and extractions pursuant to a state search warrant. As discussed below in greater detail, on September 14, 2018, the Town of Colton Court Justice Dale Robar authorized a search warrant for the defendant's devices. Pursuant to NYPL 601.30, a search warrant must be executed within ten days of its issuance. That same day, law enforcement executed the state search warrant.

9.      On September 14, 2018, when the defendant was arrested, a Samsung Galaxy Note 8 was recovered from his person. Pursuant to the search warrant, law enforcement seized a Samsung Galaxy Note 5 from the defendant's vehicle. The Samsung Galaxy Note 8 and Samsung Galaxy Note 5 are collectively referred to as the "devices."

10.     The state search warrant authorized a forensic extraction of the devices seeking evidence of child pornography offenses. On the Samsung Galaxy Note 5, there were

3

approximately 8 videos that depict child pornography with prepubescent female and male children. The name "Roy Johnson" is on the phone's lock screen and the lock screen and has a background picture of a child law enforcement believes to be the defendant's daughter. The images of child pornography from the Samsung Galaxy Note 5 form the basis for Count 1 of the defendant's indictment.

11.    On the Samsung Galaxy Note 8, there were approximately two images of child pornography. The name "Roy Johnson" is on his lock screen, displaying the same child as on the Samsung Galaxy Note 5. The images form the Samsung Galaxy Note 8 form the basis for Count 2 of the defendant's indictment.

12.    In preparation for trial, the defendant's defense attorney requested that the original extractions of the devices be made available for examination by a forensic specialist hired by the defense. The defense's expert requested the mirror image extractions from the devices, not just the child pornography that was retained as evidence. A mirror image extraction is a bit-by-bit replica of the phone's memory.

13.    Your affiant attempted to locate the original mirror images extractions for the devices but was unable to locate them on the flash drive that was provided by the NYSP. Your affiant contacted the NYSP and requested original copies of the extractions. On September 2, 2025, NYSP informed HSI that they did not have the mirror image extractions of the devices.

14.    The requested warrant is to obtain mirror images extractions of the Samsung Galaxy Note 5 and Samsung Galaxy Note 8. The government has provided the defense an opportunity to view the child pornography located in Cellebrite reports. The Cellebrite reports and child pornography have been retained as evidence in the custody of HSI since the case was

4

adopted. However, at the defense's request to inspect mirror images extractions of the devices, the government seeks this new warrant.

15.    This evidence is not stale because the devices are in the same condition as they were when they were originally searched. They remain in airplane mode and therefore could not have been modified or changed. We have obtained the CSAM from these devices based on the original search warrant by the NYSP, therefore we do not expect to find any new evidence that pertains to this case. Your affiant is requesting a search warrant for these devices to obtain a mirror image extraction to satisfy the request of the defense.

**PREVIOUSLY RELIED UPON PROBABLE CAUSE**

16.    On April 30, 2018, the National Center for Missing and Exploited Children (NCMEC) received a CyberTipline Report from the microblogging platform Tumblr which listed the incident type as "apparent child pornography." Tumblr reported that on April 29, 2018, at 00:25:00 UTC, Tumblr discovered that video and/or image files were uploaded to a Tumblr blog. Tumblr reported that the files believed to be child pornography were uploaded from the following user account:

Email Address: _____roylovesanal@yahoo.com

Screen/User Name:   luv28psy

Profile URL:   luv28psy.tumblr.com

IP Address:   2600::1017:b016:f78a:8d3d:2ec:67b2:4ecb

17.    The CyberTipline report contained additional logins to the same Tumblr account from IP addresses 70.209.141.243 and 67.249.19.102. IP addresses 2600::1017:b016:f78a:8d3d:2ec:67b2:4ecb and 70.209.141.243 were Network Address Translation (NAT) IP addresses, meaning that several users can access that IP address simultaneously. IP address 67.249.19.102 is assigned to Charter Communications.

18.     As part of the CyberTip submission, NCMEC asks two questions to companies that submit CyberTip reports: (1) "Did Reporting ESP [electronic service provider] view entire contents of uploaded file?" and (2) "Were entire contents of uploaded file publicly available?" According to Section A of the CyberTipline Report, the information to the two standard questions was not provided by the company. However, also in Section A, in a section labeled "Additional Information Submitted by the Reporting ESP," the ESP noted: "A representative of the company has reviewed the images in this report."

19.     In Section C of the CyberTip, a NMCEC analyst reviewed the file submitted by Tumblr and stated that it appeared to be child pornography.

20.     NYSP Investigator Dean White reviewed the image uploaded to Tumblr and confirmed it to be child pornography as defined by Title 18 U.S.C. Section 2256.

21.     On June 13, 2018, HSI issued a summons to Verizon Wireless for IP addresses 2600::1017:b016:f78a:8d3d:2ec:67b2:4ecb and 70.209.141.243. Information provided by Verizon Wireless identified IP addresses 2600::1017:b016:f78a:8d3d:2ec:67b2:4ecb and 70.209.141.243 as NAT Router IP addresses, with several users accessing that IP address simultaneously. Verizon Wireless provided a list of all the phone numbers that utilized the NAT Router IP address during the requested timeframe.

22.     On June 11, 2018, HSI issued a summons to Charter Communications for IP address 67.249.19.102. Information provided by Charter Communications identified the subscriber's address associated with IP address 67.249.19.102 during the date and time of the upload of child exploitation material to Tumblr as Roy JOHNSON, 139 County Route 58, Colton, New York 13625. The phone number associated with the Charter Communications account was (315) 869-6155.

23.    Phone number (315) 869-6155 was on the list provided by Verizon Wireless containing phone numbers that utilized the NAT Router IP address during the requested timeframe that the upload to Tumblr occurred.

24.    On July 11, 2018, HSI issued a summons to Verizon Wireless for subscriber information for phone number (315) 869-6155. Information provided by Verizon identified the subscriber information associated with phone number (315) 869-6155 as Roy JOHNSON, 486 Haggert Road, P.O. Box 12333, Ogdensburg, New York 13669. A check of New York State Department of Motor Vehicle (DMV) files for JOHNSON revealed that JOHNSON had an address listed of P.O. Box 12333, Ogdensburg, New York 13669.

25.    On September 14, 2018, law enforcement from NYSP CCU and HSI Massena executed a New York State issued search warrant signed by Town of Colton Court Justice Dale Robar, at 139 County Route 58, Colton, New York, where multiple items of evidence were seized from JOHNSON. JOHNSON was not present at the residence at the time of the execution of the search warrant, however he later voluntarily met with NYSP Investigators at NYSP Canton, New York. The devices were seized from the defendant's person and his vehicle that he drove to the Saint Lawrence County Court House to meet with NYSP Investigators.

26.    Your affiant has reviewed the contents of a USB created from the logical and file system extractions of the devices, by NYS CCU, and seized from Roy JOHNSON on September 14, 2018. Based on my training and experience, I believe there are at least eight videos that depict child pornography as defined by 18 U.S.C. 2256. All the files are available for the court's inspection upon request. Descriptions of three of the video files are detailed below:

    a.  **9a320dc-2c992-441a-a7a0-c4165ef4d4e9.mp4.** This is a video approximately 1 minute and 58 seconds in length of a pre-pubescent female child laying on a chair

7

wearing a pink t-shirt and no clothing on the lower portion of her body. There is an adult male who repeatedly inserts his penis in and out of the child's vagina. The adult male lifts the shirt of the pre-pubescent female and, using his hand, rubs over the child's breast area. The child has no breast development and no pubic hair.

b. **b62abbf1-4f19-4030-93ed-022ee8639464.mp4.** This video is a compilation of images, approximately 15 seconds in length, of a pre-pubescent female child that is wearing a long sleeve pink top and completely nude on her bottom portion. The video starts with the child laying face down on a bed with her buttocks and vagina displayed. The video jumps to the same female child laying face down on the bed and an adult male with no shirt on and chest hair wearing red shorts laying on his side next to the child. The adult male's penis is outside of his shorts and placed in the child's vaginal area between her legs. Throughout the remainder of the video, the adult male has the child in various sexual positions similar to the conduct described above, to include vaginal sex with his penis inserted in the child's vagina. The female child has no pubic hair.

c. **519e2c9a-8235-4b19-a7f8-5a5010cfc0da.mp4.** This video is approximately 1 minute and 51 seconds in length of a pre-pubescent female child that is completely nude who is laying down on her back on a couch or bed. There is an adult male who is also completely nude and who repeatedly inserts his penis in and out of the child's vagina. While he is doing this, the child is audibly whimpering. The child has no breast development and no pubic hair.

27.     Between August 15, 2018, and March 7, 2019, the defendant texted with an undercover officer that he believed to be a 14-year-old girl, Lacey. These communications

involved sexually explicit messages detailing what sex acts the defendant would perform on the child as well as asking the child for sexually graphic photographs. Excerpts of the communications are below:

    a. On August 15, 2018, within the first hour of texting with the 14-year-old persona, the defendant texted, "I might be sweet but I bet you taste very sweet. ... I love [to] eat pussy. Are you shaved?" When the 14-year-old, Lacey, responded that she was not completely shaved in her pubic area, the defendant asked, "Can I see your landing strip. It will be about treating you good and make sure you enjoy sex and get off as much as I do." That same day, the defendant texted, "I want [to] touch you all over and kiss you and suck on your tits and lick your pussy and ass. Make you cum all over my face and cock." Again on the same day, the defendant texted, "You will have no reason not to trust me. You are young, beautiful, very sexy and willing to learn. I like what I know and see so far and can't wait to see you in person." The defendant again asked for pictures of Lacey: "Can I please see some more pics of you my babygirl. You can delete them from your phone as soon as u get them so no one will ever know but us."

    b. On August 16, 2018, the defendant texted, "Make sure you delete our message so no one else see them." When Lacey assured the defendant that she deleted the messages, the defendant asked for more pictures of her: "Can I have a tease pic please your [sic] getting me ready for you and I want to see you please." Also on August 16, 2018, the defendant referenced Lacey's age when he told her that when they had intercourse, he did not want to use a condom because he had a vasectomy: "Then I can shoot my cum inside your young tight pussy."

c.  The defendant continued to reference how young Lacey was. For example, on August 31, 2018, the defendant texted, "Babygirl, how did I get lucky to have you the most young, tiny, sexy, beautiful little girl with amazing body and perfect curves to be all mine?"

d.  The defendant also continued to ask Lacey for sexually graphic pictures. On September 9, 2018, the defendant asked, "Can I get my panties pick please my young little princess." When Lacey declined to send that picture, the defendant responded, "I just wanted you to send me something to reassure me and show me I can trust you and you really want to be with me like you say you want too [sic]. It a piece [sic] of mind for me since your [sic] my first and only young I have ever wanted like I do you."

28.     The defendant did not ultimately meet the undercover officer posing at the 14-year-old girl named Lacey.

## CHARACTERISTICS OF CHILD PORNOGRAPHY COLLECTORS

29.     I respectfully submit that the information set forth in this affidavit establishes probable cause to believe that JOHNSON is transporting and possessing child pornography. Based on training, experience, and conversations with fellow law enforcement officers who have conducted numerous interviews of subjects who admitted to having a sexual interest in children, I am aware that the following characteristics are common to individuals involved in child pornography offenses:

a.  Individuals who possess, transport, and/or distribute and receive child pornography may receive sexual gratification, stimulation, and satisfaction from contact with

10

children, or from fantasies they may have viewing children engaged in sexual activity, sexually suggestive poses, or from literature describing such activity

b. Individuals who possess, transport, and/or distribute and receive child pornography may collect sexually explicit or sexually suggestive material depicting children, in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media. These individuals often maintain this material for sexual arousal and gratification. Furthermore, they may use this material to lower the inhibitions of children they are attempting to seduce, to arouse a child partner, or to demonstrate the desired sexual acts;

c. Individuals who possess, transport. and/or distribute and receive child pornography often possess and maintain copies of child pornographic material, including but not limited to pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, and tape recordings, in the privacy and security of their home. Prior investigations into these offenses have shown that child pornography offenders typically retain pictures, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and videotapes for many years;

d. Individuals who possess, transport, and/or distribute child pornography often begin their child pornography collections by obtaining child abuse material through various free avenues afforded by the Internet, like P2P file sharing. Thereafter, these individuals may escalate their activities by producing and/or distributing child pornography, for the purpose of trading this material to add to their own child pornography collection;

11

e.  Individuals who possess, transport and/or distribute and receive child pornography often maintain their digital or electronic collections in a safe, secure, and private environment, such as a computer or surrounding area, including their vehicle. These collections are often maintained for several years and are maintained at the individual's residence, place of employment, and/or vehicle to afford immediate access to view the material;

f.  Individuals who possess, transport, and/or distribute and receive child pornography may correspond with others to share information and material, and rarely destroy this correspondence. These individuals often maintain lists of names, email addresses and telephone numbers of others with whom they have been in contact regarding their shared interests in child pornography.

## CONCLUSION

30.   Based on the aforementioned factual information, your affiant respectfully submits that there is probable cause to believe that evidence, fruits, and/or instrumentalities of the Subject Offenses will be found in the data on the devices.

Respectfully submitted,

*/s/ Peter Pease*

Special Agent Peter Pease
Homeland Security Investigations

I, the Honorable Daniel J. Stewart, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on September  9  , 2025 in accordance with Rule 41 of the Federal Rules of Criminal Procedure.

Hon. Daniel J. Stewart
United States Magistrate Judge

13

## <u>ATTACHMENT A</u>

## DESCRIPTION OF PROPERTY TO BE SEARCHED

The items to be searched are:

1) a Samsung Cellphone Model SM-N920V (Samsung Galaxy Note 5)
2) a Samsung Cellphone Model SM-N950U (Samsung Galaxy Note 8)

The devices are physically located at 237 West Service Road, Champlain, New York 12919.

14

**ATTACHMENT B**

**ITEMS TO BE SEIZED**

All records constituting fruits, evidence, and/or instrumentalities of violations of Title 18, United States Code, Section 2251(a) (sexual exploitation of children) and Title 18, United States Code, Section 2252A(a)(1) (transportation of child pornography) and (a)(5)(B) (possessing child pornography):

a.      Records concerning the employment, use, persuasion, inducement, enticement, and/or coercion of a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, including evidence of who created the visual depiction(s), the identity of the minors depicted, the identity of the adult(s) depicted, and what device(s) were used to create the visual depictions and whether the visual depictions were transferred to other device(s) and/or to other people in interstate and/or foreign commerce;

b.      Records concerning the transportation or distribution and/or receipt of any visual depiction of a child engaged in sexually explicit conduct and evidence of how any such depiction(s) were transported, distributed, or received, including evidence of what device(s) were used to transport, distribute, or receive the visual depiction(s) and what application(s) were used to transport, distribute, or receive the visual depictions and who was responsible for the transportation, distribution, or receipt, including evidence of attribution for any device(s) used to transport or distribute such material;

c.      Records concerning the possession of any visual depiction of a child engaged in sexually explicit conduct and evidence of how any such depiction(s) was received and saved or possessed on any device and who received and/or saved or possessed such material, including evidence of attribution for any device used to receive and/or possess such material;

d.      Any visual depictions of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and any visual depictions that might not meet the definition in the foregoing section but that might be considered child erotica;

e.      Records evidencing intent, knowledge, and/or plan to produce visual depictions of a minor(s) engaged in sexually explicit conduct and/or to distribute and/or possess such material;

f.      Records evidencing a sexual interest in children and/or child sexual abuse material, including an interest in visual depictions of child sexual abuse, writings or drawings describing or depicting such abuse, or participation in chatrooms, social media groups, or private conversation concerning the sexual abuse of children;

g.      Records concerning ownership and/or control of the electronic devices;

15

h.      Records of any passwords, passcodes, electronic keys, encryption codes, or any other electronic record for the purpose of using such record to gain access to all or part of the data on an electronic device authorized to be seized and searched pursuant to this warrant.

### *Photographs of Search*

During the searches of the devices set forth in Attachment A, photographs and/or recordings may be taken to record the condition thereof and/or the location of items therein or thereon.

16